UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HERMOND MCKENDALL                              CIVIL ACTION

VERSUS                                         NO: 08-4665

HOME DEPOT U.S.A., INC.                        SECTION: R(4)


**<u>ORDER</u>**

Before the Court is plaintiff's motion for remand. For the following reasons, the Court DENIES plaintiff's motion.

**I.    BACKGROUND**

This case arises out of an accident at a Home Depot store in New Orleans, Louisiana on June 21, 2007. Plaintiff Hermond McKendall was shopping in the store that day when lumber located on a shelf allegedly fell and hit his head, injuring his head and neck. Plaintiff sued Home Depot in state court on June 18, 2008, alleging that the accident was caused by the negligence of Home Depot and/or its employees. Plaintiff seeks damages for pain and suffering, medical expenses, disability, and lost wages. As required by Louisiana law, his petition does not seek a specific amount of damages. Defendant removed the case to federal court on October 15, 2008, asserting that the Court has jurisdiction

under 28 U.S.C. § 1332 because the citizenship of the parties is diverse and the amount in controversy exceeds $75,000. Defendant states in its notice of removal that upon receiving plaintiff's responses to written discovery requests on September 16, 2008, defendant became aware of the extent of plaintiff's alleged injuries which put the amount in controversy above the $75,000 jurisdictional minimum. (R. Doc. 1). Plaintiff now moves to remand on the ground that defendant's notice of removal was untimely. Plaintiff contends that defendant was on notice that the amount in controversy exceeded $75,000 when defendant received a copy of plaintiff's initial pleading.

**II. DISCUSSION**

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.

2

2002). Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. *See* 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

Section 1446(b) regarding removal provides in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . .

28 U.S.C. §1446(b). Plaintiff asserts that the original petition shows that the case was removable, thus starting the removal clock on the date the defendant received the petition.

The 30-day time period is triggered by the pleading "only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 210 (5th Cir. 2002) (quoting *Chapman v.*

3

*Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)). As mentioned, *supra*, plaintiff's petition does not allege a specific amount of damages because Louisiana law precludes such a pleading. *See* Louisiana Civil Code article 893. The complaint alleges that plaintiff "sustained injuries to his head and neck, when lumber located on a shelf fell and hit plaintiff in the head." (R. Doc. 1-2, Complaint at ¶4). Plaintiff seeks damages for pain and suffering, medical expenses, disability, and lost wages. (Complaint at ¶8). Plaintiff does not specify the nature of the injuries to his head or neck, the nature of the disability he suffered, or the nature of the medical treatment he received. Plaintiff does not seek damages for future medical expenses or future lost wages.

When a petition for damages includes vague allegations of damages from which it is difficult to determine the amount in controversy, a defendant may conduct discovery to determine whether the case is removable. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *Jacob v. Greyhound Lines, Inc.*, 2002 WL 31375612, at *2 (E.D. La. 2002). This Court has previously found that a plaintiff describing damages as "severe and permanent" stated only vague allegations that did not trigger the 30-day period in the first paragraph of § 1446(b). *See Alonzo v. Shoney's Inc.*, 2001 WL 15641, at *1 (E.D. La. 2001). This Court

similarly found that allegations of "serious and permanent injuries to . . . mind and body," including "injuries to [plaintiff's] neck, back, right shoulder and left leg," did not put defendant on notice that plaintiff's claim was removable. *See Jacob v. Greyhound Lines, Inc.*, 2002 WL 31375612, at *3 (E.D. La. 2002).

Plaintiff relies on *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000), for his contention that it was "facially apparent" from plaintiff's original petition that the claimed damages exceeded $75,000. But there, plaintiff alleged damages for medical expenses, physical pain and suffering, mental anguish, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement. *See id.* at 883. In contrast, here, plaintiff has not alleged damages for loss of earning capacity, permanent disability and disfigurement, loss of enjoyment of life, or mental anguish. Plaintiff's allegations in *Gebbia* could support a substantially larger award than plaintiff's vague allegations in this case.

Given the nature of the accident and the generalized description of plaintiff's injuries, the Court finds that the petition did not affirmatively reveal that the amount in controversy exceeds the jurisdictional minimum. Therefore, the 30-day period set forth in the first paragraph of § 1446(b) was

not triggered when Home Depot was served with the plaintiff's complaint. Instead, as provided in the second paragraph of § 1446(b), the 30-day period for removal was triggered when plaintiff's discovery responses made it "unequivocally clear or certain" that the lawsuit was removable. *Bosky*, 288 F.3d at 211. This occurred on September 16, 2008, when defendant received copies of plaintiff's medical records showing the severity and extent of plaintiff's injuries. Because defendant's removal of the lawsuit was within 30 days of that date, the removal was timely. Further, neither party disputes that the amount in controversy requirement is now met. The motion to remand is thus DENIED.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to remand.

New Orleans, Louisiana, this 25th day of February, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

6